UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMMIE GOSS : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-05-cv-925 (JCH) |
| : | |
| PATRICIA WILSON-COKER : | DECEMBER 20, 2005 |
|     Defendant : | |

**RULING**

The plaintiff brought this civil rights complaint pro se and *in forma pauperis* by Complaint docketed June 8, 2005, against Patricia Wilson-Coker, in what appears to be her official capacity as Commissioner of the Department of Social Services of the State of Connecticut. On September 22, 2005, defendant filed a Motion to Dismiss [Dkt. No. 9]. The court issued a Notice to the pro se litigant advising the plaintiff that an opposition to the Motion to Dismiss must be filed or the plaintiff would risk dismissal. The deadline set for opposition was set for November 18, 2005. To date, the plaintiff has filed no opposition to the Motion to Dismiss.

Defendant's Motion to Dismiss rests on, among other grounds, the fact that defendant Wilson-Coker is sued in her official capacity, and that such a suit is barred by the Eleventh Amendment because the plaintiff seeks only money damages, not prospective relief. Indeed, in her Complaint at Section E, "Request for Relief," the plaintiff seeks "actual damages, punitive damages, compensatory damages, exemplary damages, Tort [?], atty. fees, court fees." [Dkt. No. 3 at Section E.5]. It is well settled that the Eleventh Amendment to the United States Constitution prohibits a party from suing a state for monetary relief in federal court. Edelman v. Jordan, 415 U.S. 651, 662 (1974). It is also settled that a suit against a state official in her official capacity is a suit

against the state.  See e.g., Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690, n.55 (1978) ("[o]fficial capacity suits . . . 'generally represent only another way of pleading an action against an entity of which the officer is an agent.'")  Since the suit seeks only retroactive, monetary damages, no cause of action allies against the defendant in her official capacity.  As the Eleventh Amendment bar goes to this court's subject matter jurisdiction, Penn Hurst State School and Hospital v. Halderman, 465 U.S. 89, 99 n.8 (1984), the court must dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) to the extent it seeks to make a claim against the defendant in her official capacity on the grounds of lack of subject matter jurisdiction.

Given that the plaintiff proceeds pro se, the court must read her Complaint liberally.  While it appears clear to the court that she is intending to sue the defendant Wilson-Coker in her official capacity, given that she describes the defendant as State of Connecticut DSS Commissioner Patricial Wilson-Coker, she does not use the words "official capacity" in referring to the defendant.  Thus, the court will address whether the Complaint states a cause of action against Wilson-Coker in her individual capacity.

The Complaint is devoid of any allegations of personal involvement by the defendant, Wilson-Coker.  There is no basis upon which to find Wilson-Coker individually liable for money damages.  See Patterson v. County of Oneida, 375 F.3d 206, 229 (2d Cir. 2004)("[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983.")  Moreover, a claim cannot be stated under the Americans with Disabilities Act against officials in their individual capacity.  See Garcia

v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001). Therefore, to the extent the plaintiff seeks to assert the claim for damages against Wilson-Coker in her individual capacity, the Complaint fails to do so and is dismissed under Fed.R.Civ.P. 12(b)(6).

Therefore, the plaintiff having failed to oppose the Motion to Dismiss and the court having reviewed that Motion and supporting Memorandum, the court dismisses the Complaint for the foregoing reasons.  The Clerk is hereby directed to close this case.

The plaintiff may, however, move to reopen if such Motion is filed within 20 days of the date of this Ruling, and is accompanied by a Complaint which states a cause of action that is sustainable in law and fact.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 20th day of December, 2005.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge