UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMMIE GOSS : | |
|    Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-05-cv-925 (JCH) |
| : | |
| PATRICIA WILSON-COKER : | FEBRUARY 1, 2006 |
|    Defendant : | |

**RULING**

In this case, the court ruled in a Ruling dated June 21, 2005, denied without prejudice, plaintiff's Motion to Appoint Counsel. In addition, on December 21, 2005, the court issued a Ruling dismissing the case for failure to state a claim. In that latter Ruling, the court gave the plaintiff leave to move to reopen if such motion was filed within 20 days of the Ruling and was accompanied by a Complaint which set forth a cause of action that was sustainable in law and fact. See Ruling dismissing Complaint, [Doc. No. 14]. By letters dated January 13, 2006 (Doc. No. 16), and January 18, 2006 [Doc. No. 17], the plaintiff has objected to the court's rulings on the appointment of counsel and the dismissal of the case. The court directed that both these letters be docketed as a motion for reconsideration. Neither letter was accompanied by a proposed Complaint.

In the first letter received which is dated December 22, 2005, and was received on January 5, 2006 (and docketed on January 17, 2006), the plaintiff argues that I have violated her federal constitutional right and discriminated against her as a disabled lady. She expresses the view that she has a right to have a court-appointed attorney and to have a trial in this matter. "You can't dismiss my case because you refuse as a federal

judge, to find me a qualified and experienced court-appointed lawyer, now!" Letter of plaintiff dated December 22, 2005 at pp. 1-2.  Plaintiff further argues that I cannot "force a disabled lady or anyone to be pro se!" Id. at 2.  The court is aware of no case law, or rules of this court, that grant to any person the right to be represented by counsel in connection with a civil lawsuit seeking monetary or injunctive relief under the Constitution or under the Americans with Disabilities Act.  As the court has already dismissed the plaintiff's claim, there is no purpose in appointing counsel.  The court's original decision denying the Motion to Appoint Counsel [Doc. No. 6] is adhered to by the court.

With respect to the plaintiff's second letter, dated December 28, 2005, received in chambers on January 9, 2006, and docketed on January 18, 2006, the plaintiff sets forth argument as to why the court's dismissal of the case is in error.  The plaintiff appears to refer to the case of Tennessee v. Lane, 124 S.Ct. 1978 (2004), which was decided on March 17, 2004.  The court does not read the Lane case as standing for the proposition that the plaintiff argues in her December 22, 2005 letter.

Because the plaintiff has come forward with no new law or material which the court overlooked in its previous Ruling dismissing this action, the court adheres to its original decision.  Further, because the plaintiff did not file a motion to reopen accompanied by a proposed Complaint within the 20 days set by the Ruling dismissing the Complaint [Doc. No. 14], this case remains closed.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 1st day of February, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge
